IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BONITA BLEACHER,      )
       )
    Plaintiff,      )
       )
v.      )   C.A. No. N16C-10-178 CEB
       )
BIKASH BOSE, M.D.,      )
CHRISTIANA CARE HEALTH      )
SERVICES, INC., a Delaware      )
Corporation and NEUROSURGERY  )
CONSULTANTS, P.A.,      )
       )
    Defendants.      )

Submitted:  April 19, 2017
Decided:  May 3, 2017

*Defendant Bikash Bose, M.D.'s*
*Motion to Disqualify Plaintiff's Counsel.*
**GRANTED**.

Robert J. Leoni, Esquire, SHELSBY & LEONI, Stanton, Delaware.  Attorney for Plaintiff.

Dawn C. Doherty, Esquire, Norman H. Brooks, Esquire and Brett Norton, Esquire, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., Wilmington, Delaware.  Attorneys for Defendants Bikash Bose, M.D. and Neurosurgery Consultants, P.A.

Richard Galperin, Esquire and Ryan T. Keating, Esquire, MORRIS JAMES, LLP, Wilmington, Delaware.  Attorneys for Christiana Care Health Services, Inc.

**BUTLER, J.**

In this case, Plaintiff Bonita Bleacher ("Plaintiff"), represented by Robert Leoni, Esq. ("Leoni") of the law firm of Shelsby & Leoni has sued Doctor Bikash Bose, M.D. ("Bose") for medical negligence. Discovery has not yet commenced.

Bose, through his counsel, has filed a motion to disqualify Plaintiff's chosen law firm. Bose alerts us that Leoni's partner, Gilbert Shelsby, Esq. ("Shelsby") previously represented Bose in defense of a medical malpractice action captioned *McCusker v. Neurosurgery, PA.*[1] We are told that the *McCusker* case, filed in 2001, was litigated through trial in 2005 and resulted in a $3.6 million verdict against Doctor Bose. Shelsby represented Bose throughout the litigation and was, and remains, a law partner with Leoni. Bose says it is "beyond the pale for a firm to achieve an unsuccessful trial result and then sue their client for that result."[2]

In defense of his position that this does not present a conflict of interest, Leoni states that he never met Bose, did not participate in his representation in the *McCusker* matter and none of the current staff at Shelsby & Leoni – except for Shelsby – had any involvement with the *McCusker* case.

Leoni's relies heavily on a Delaware Superior Court opinion bearing remarkable similarities to the instant dispute. In *Fernandez v. St. Francis Hospital, Inc.,* the plaintiff, represented by Gilbert Shelsby, sued a Doctor Wiercinski for

---

[1] The litigation was filed in U.S. District Court in Delaware. 1:01-cv-00891-KAJ.

[2] Def. Motion at 2.

1

medical malpractice. Doctor Wiercinski had been represented in a previous medical malpractice action by Shelsby.[3] On Wiercinski's motion to disqualify Shelsby from continued representation of the Plaintiff in the action against his former client, the Court ruled that since both actions were medical negligence actions, there was a "substantial relationship" between the prior representation and the contemplated relationship, and Shelsby was therefore precluded from representing Fernandez.

None of this is particularly provocative as far as it goes. The *McCusker* case and this case are both medical negligence matters, there seems little doubt that, since the *McCusker* case went through full discovery and trial, Shelsby would have been exposed to client confidences connected with Bose's medical practices. Leoni does not seriously argue otherwise.[4]

But the Court in *Fernandez* went a step further. Commenting that "neither party has submitted compelling arguments on this issue," the Court stepped into the thorny question of "imputed disqualification" of the Shelsby & Leoni law firm and noted that "Rule 1.10(c) carves out an exception to imputed disqualification

---

[3] 2009 WL 2393713 (Del. Super. Aug. 3, 2009).

[4] Leoni argues that Shelsby would not be conflicted in representing the plaintiff here because the previous representation of Bose was a long time ago. He points to no case suggesting there is a temporal limit to the conflict and even if there was, it is hard to imagine it would save his argument here. Notably, he does not even argue that confidential communications were not shared between Bose and Shelsby during his representation in *McCusker*. The Rule, and the Court, presumes there were such communications and that is as far as the "substantial relationship" question need go.

2

when "the personally disqualified lawyer is timely screened from any participation in the matter."[5] In light of the exception in subsection (c), the Court held that Shelsby could essentially pass off the representation to his partner Leoni and so long as they undertook to screen off any likelihood of confidential information being shared, Leoni could represent the plaintiff in a case where Shelsby could not.

Here, Shelsby and Leoni have tendered affidavits to the Court promising to keep Shelsby's *McCusker* confidences in confidence. They promise a "cone of silence" to wall off client confidences.[6] Leoni says that is all that is required under *Fernandez*, the case with which he and his firm have such familiarity.

The Court has taken a long look at the *Fernandez* decision. With due respect to our learned brothers and sisters on the bench, who, like the Court in *Fernandez*, labor under the difficulty of parties who do not always "submit compelling arguments"[7] on the issues, we think *Fernandez* incorrectly applied Rule 1.10(c) instead of Rule 1.10(a).

---

[5] *Fernandez*, 2009 WL at *5.

[6] The Court presumes that the proposed "cone of silence" is not the one used by Max and the Chief for "secret" communications. In 5 seasons, that cone never worked. *See Get Smart* (NBC television broadcast 1965-1970). A better functioning "cone of silence" does indeed have some currency in cases arising under Rule 1.10(c). *See generally Nemours Foundation v. Gilbane, Aetna, Federal Ins. Co.*, 632 F. Supp. 418, 428-29 (D. Del. 1986).

[7] *Fernandez*, 2009 WL at *4.

The Delaware Lawyers' Rules of Professional Conduct, Rule 1.10 deals with "Imputation of Conflicts of Interest: General Rule." Rule 1.10(a) states that:

> Except as otherwise provided in this rule, while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.[8]

So, it is clear that if Shelsby would be barred from representation of the Plaintiff in this matter, his firm is likewise barred. This "imputed conflict" is firmly embedded in Delaware law. And it is quite clear that given his prior representation of the Defendant in this lawsuit, Shelsby would be barred from representing the Plaintiff here. As noted above, Leoni does not seriously argue otherwise.

Rule 1.10 has two exceptions to the general rule of imputed disqualification: 1) when a lawyer leaves his firm, the firm can represent clients adverse to the former lawyer's clients, subject to some limits, and 2) when a lawyer arrives at a new firm after a case has been filed where the new lawyer has a conflict with the ongoing representation.

Rule 1.10(c), relied on by the Court in Fernandez, says:

---

[8] Del. Lawyers' R. Prof. Conduct Rule 1.10.

4

(c) *When a lawyer becomes associated with a firm*, no lawyer associated in the firm shall knowingly represent a client in a matter in which that lawyer is disqualified under Rule 1.9 unless:

    (1) the personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

    (2) written notice is promptly given to the affected former client.[9]

The important distinction between Rule 1.10(a) and 1.10(c) – aside from the fact that they apply to different situations – is that Rule 1.10(c) provides a mechanism for the firm to continue the "conflicted" representation by screening off the new lawyer. That is the remedy applied in *Fernandez*. But that remedy is not available for conflicts arising under Rule 1.10(a). Here, Shelsby and Leoni were partners during the previous representation of Bose and they continue to be partners in this lawsuit against Bose. The remedy of "screening off" applies only in the case of a migrating attorney under Rule 1.10(c), not in cases of a long standing partnership, which are governed by Rule 1.10(a).

Having dissected these rules, the outcome is obvious: Shelsby would have a conflict in representing the Plaintiff in this action pursuant to the "substantial relationship" test of Rule 1.9. As such, his law partner Leoni is equally conflicted by application of Rule 1.10(a).

---

[9] Del. Lawyers' R. Prof. Conduct Rule 1.10(c) (emphasis added).

Defendant's motion is therefore **GRANTED**. Attorney Leoni should counsel the Plaintiff on getting new representation. Barring the filing of a substitution of counsel, the Court would ask that Mr. Leoni advise the Court in writing in 45 days of the status of the client's efforts.

Judge Charles E. Butler